TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

|  | : |  |
|---|---|---|
| OPINION | : | No. 86-1005 |
|  | : |  |
| of | : | June 24, 1987 |
|  | : |  |
| JOHN K. VAN DE KAMP | : |  |
| Attorney General | : |  |
|  | : |  |
| RODNEY O. LILYQUIST | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

---

THE HONORABLE JAMES A. CURTIS, COUNTY COUNSEL, COUNTY OF NEVADA, has requested an opinion on the following question:

May a community services district prescribe fees pursuant to Government Code section 61621 at a uniform amount upon each parcel of real property in the district for the purpose of road maintenance and improvement on the basis that said fees are rates or other charges?

1

CONCLUSION

A community services district may not prescribe fees pursuant to Government Code section 61621 at a uniform amount upon each parcel of real property in the district for the purpose of road maintenance and improvement, for said fees are not rates or other charges.

ANALYSIS

The board of directors of a community services district proposes to prescribe a fee of $200 upon each parcel of real property (improved or unimproved) in the district to cover the cost of maintaining and improving the roads of the district. May the board do so under the provisions of Government Code section 61621? We conclude that it may not.

Government Code section 61621[1] states:

"A district may prescribe, revise and collect rates or other charges for the services and facilities furnished by it . . . .

"A district may provide that charges for any services or facilities shall be collected together with and not separately from the charges for other revenues or facilities rendered by it, and that all charges shall be billed upon the same bill and collected as one item. If all or part of a bill is not paid, the district may discontinue any or all services or facilities for which the bill is rendered.

"A district may provide for the collection of charges. Remedies for their collection and enforcement are cumulative and may be pursued alternatively or consecutively as the local agency determines.

"A district may provide for a basic penalty of not more than 10 percent for nonpayment of the charges within the time and in the manner prescribed by it, and in addition may provide for a penalty of not exceeding one-half of 1 percent per month for nonpayment of the charges and basic penalty. It may provide for the collection of the penalties herein provided for.

---

[1]All references hereafter to the Government Code are by section number only.

"In case any charges for water or other services, or either, remain unpaid the amount of the unpaid charges may in the discretion of the district be secured at any time by filing for record in the office of the county recorder of any county, a certificate specifying the amount of such charges and the name and address of the person liable therefore.

"From the time of recordation of the certificate, the amount required to be paid together with interest and penalty constitutes a lien upon all real property in the county owned by the person or afterwards, and before the lien expires, acquired by him."

The Community Services District Law (§§ 61000-61936; hereinafter "Act") authorizes the formation of districts for various purposes. Under section 61600 such services as police protection, water, sewage disposal, trash collection, ambulance service, mosquito abatement, fire protection, and a bus system may be provided. Such facilities as parks, golf courses, swimming pools, street lights, libraries, and airports may also be furnished and operated by districts pursuant to section 61600. Subdivision (j) of section 61600 specifically authorizes districts to exercise their powers for:

"The opening, widening, extending, straightening, surfacing, and maintaining, in whole or in part, of any street in the district, subject to the consent of the governing body of the county or city in which the improvement is to be made."

The key language in section 61621 requiring our interpretation is the phrase "rates or other charges for the services and facilities furnished." What did the Legislature intend such language to include? Several well-established principles of statutory construction appear applicable in construing section 61621. The fundamental rule to be followed is to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (Select Base Materials v. Board of Equal. (1959) 51 Cal. 2d 640, 645; accord People v. Craft (1986) 41 Cal. 3d 554, 560.) "To this end, every statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect." (Moore v. Panish (1982) 32 Cal. 3d 535, 541) "Whenever reasonable, interpretations which produce internal harmony, avoid redundancy, and accord significance to every word and phrase are preferred." (Pacific Legal Foundation v. Unemployment Ins. Appeals Bd. (1981) 29 Cal. 3d 101, 114.)

In a different but related statutory scheme, the Legislature has defined "rates or charges" as "fees, tolls, rates, rentals or other charges for services and facilities furnished by an entity.... (Health & Saf. Code, § 5470, subd. (f).) Limiting the terms "rates or other charges" in section 6162 to fees imposed for specific services rendered or the use of district

3

facilities provided is consistent with numerous statutory provisions. (See §§ 50076, 54990-54994; Cal. Const., art. XIIIB, § 8, subd. (c); San Marcos Water Dist. v. San Marcos Unified School Dist., (1985) 165 Cal. App. 3d 227, 234-238; Mills v. County of Trinity (1980) 108 Cal. App. 3d 656, 659-660; County of Fresno v. Malmstrom (1979) 94 Cal. App. 3d 974, 983-985.)

In general "rates or other charges" are voluntarily incurred (see Russ Bldg. Partnership v. City and County of San Francisco (1987) 188 Cal. App. 3d 977, 987-988; Trent Meredith, Inc. v. City of Oxnard (1981) 114 Cal. App. 3d 317, 328), are thus often variable in amount (see 55 Ops. Cal. Atty. Gen. 379, 380 (1972)), the persons or parcels receiving the services or use of the facilities are known and are charged (see §§ 25210.77a, 54991, 61765; Health & Saf. Code, §§ 5473-5474), and the charges are limited to the benefits conferred, the value of the services or the costs involved (see § 25210.77a; Beaumont Investors v. Beaumont-Cherry Valley Water Dist., *supra*, 165 Cal. App. 3d 227, 234-238).

While section 61621 refers only to "rates or other charges," we note that other provisions of the Act give districts the authority to raise "taxes" (§§ 61615, 61680), "ad valorem property taxes" (§§ 61713, 61748, 61750), "general taxes" (§ 61765.6), "special taxes" (§§ 61770, 61779), "assessments" (§§ 61765.1-61765.6) and "special assessments" (§§ 61712, 61715).[2] We believe that "rates or other charges" may be distinguished from these other governmental exactions.

Taxes and special assessments are "involuntary" in nature. (See San Marcos Water Dist. v. San Marcos Unified School Dist., *supra*, 42 Cal. 3d 154, 162; City Council v. South (1983) 146 Cal. App. 3d 320, 330-332; Solvang Mun. Improvement Dist. v. Board of Supervisors (1980) 112 Cal. App. 3d 545, 552-554.) While special assessments are normally based upon benefits received (White v. County of San Diego (1980) 26 Cal. 3d 897, 904-905; J.W. Jones Companies v. City of San Diego (1984) 157 Cal. App. 3d 320, 328-332), the same cannot be said of taxes (Trent Meredith, Inc. v. City of Oxnard, *supra*, 114 Cal. App. 3d 317, 327; County of Fresno v. Malmstrom, *supra*, 94 Cal. App. 3d 974, 984). Taxes may be imposed for either general or specific governmental purposes (see § 53721; San Marcos Water Dist. v. San Marcos Unified School Dist., *supra*, 42 Cal. 3d 154, 162, 168; County of Fresno v. Malmstrom, *supra*, 94 Cal. App. 3d 974, 983), while special assessments are normally limited to funding the construction of public facilities and capital improvements (see San Marcos Water Dist. v. San Marcos Unified School Dist., *supra*, 42

---

[2]Since the adoption of article XIIIA of the Constitution, ad valorem taxes on real property have been "collected by the counties and apportioned according to law to the districts within the counties." (Cal. Const., art. XIIIA. § I. subd (a); see Rev. & Tax Code. § 95-100.5; City of Los Angeles v. County of Los Angeles (1983) 139 Cal. App. 3d 999, 1001-1002; Marin Hospital Dist. v. Rothman (1983) 139 Cal. App. 3d 495. 497-499.)

Cal. 3d 154, 163-164; White v. County of San Diego, *supra*, 26 Cal. 3d 897, 904; J. W. Jones Companies v. City of San Diego, *supra*, 157 Cal.App.3d 745, 754-755; County of Fresno v. Malmstrom, *supra*, 94 Cal. App. 3d 974, 978-984).

A reading of the Act as a whole discloses that the Legislature intended for the phrase "rates or other charges" as used in section 61621 to exclude taxes and assessments. Taxes, assessments and rates or other charges are used in the Act to serve different purposes with different consequences. (See, e.g., §§ 61621.2, 61680, 61712, 61713, 61765.3.) Our conclusion that they are distinguishable gives significance to each and is in accordance with numerous judicial decisions. (See San Marcos Water Dist. v. San Marcos Unified School Dist., *supra*, 42 Cal. 3d 154, 161-165; Trent Meredith, Inc. v. City of Oxnard, *supra*, 114 Cal. App. 3d 317, 324; Mills v. County of Trinity, *supra*, 108 Cal. App. 3d 656, 661-662; Arcade County Water Dist. v. Arcade Fire Dist. (1970) 6 Cal. App. 3d 232, 240.)

With regard to the specific proposal of a uniform fee assessed against each parcel in the district for the purposes of road maintenance and improvement, such fee would not be a "rate or other charge" authorized under section 61621. It would not be assessed in direct relation to the benefit of the service (road maintenance) or facility (road improvement) provided. Numerous persons receiving the service and using the facility would not be charged. We believe that this lack of relationship prevents the proposed involuntary fee from being a rate or other charge as specified in section 61621.

What the Legislature contemplated was that the persons to be charged would be the only recipients of the services or the users of the facilities. Services or facilities that benefit the public generally (where some who benefit would not be charged) would be excluded from the authorization of section 61621.

We also note that the $200 per parcel fee would not meet the test of being a valid special assessment, since no prior benefit estimate would be made upon which to base the amount. (See White v. County of San Diego, *supra*, 26 Cal. 3d 897, 904-905; J. W. Jones Companies v. City of San Diego, *supra*, 157 Cal. App. 3d 745, 753-756; City Council v. South, *supra*, 146 Cal. App. 3d 320, 328-332.) It would not be a valid special tax, since no voter approval would first be obtained.(See Cal. Const., art. XIIIA, § 4; Heckendorn v. City of San Marino (1986) 42 Cal. 3d 481, 487-489; City and County of San Francisco v. Farrell (1982) 32 Cal. 3d 47, 52-57; Beaumont Industries v. Beaumont-Cherry Valley Water Dist., *supra*, 165 Cal. App. 3d 227, 234-235.) It would not be a valid general property tax (even if a district had the authority to impose it), since it would not be assessed according to the value of the property (Cal. Const., art. XIII, § 1; Ingles v. Riley (1936) 5 Cal. 2d 154, 159-162; English v. Alameda County (1977) 70 Cal. App. 3d 226, 234), and it would not be a valid user fee, since a district lacks the authority to establish toll roads (see Sts. & Hy. Code, §§ 30800-30813; 59 Ops. Cal. Atty. Gen. 329, 331-335 (1976); see also Rumford v. City of

Berkeley (1982) 31 Cal. 3d 545, 556-557; Lafayette v. Contra Costa County (1979) 91 Cal. App. 3d 749, 754-757).[3] Although road maintenance and improvement are normally funded from the proceeds of general and special taxes or special assessments, this particular fee lacks the specified requirements for being any of these exactions.

In answer to the question presented, therefore, we conclude that a community services district may not prescribe fees pursuant to section 61621 at a uniform amount upon each parcel of real property in the district for the purposes of road maintenance and improvement, for said fees are not rates or other charges.

---

[3]The roads of the district are not private roads but rather public roads even where not part of the county road system. (See Erven v. Board of Supervisors (1975) 53 Cal. App. 3d 1004, 1012; 61 Ops. Cal. Atty. Gen. 804, 805-807 (1975).)