TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------

:
OPINION                          :
                                 :
of                  :    No. 88-202
                                 :
JOHN K. VAN DE KAMP       :    MAY 5, 1988
Attorney General           :
                                 :
ANTHONY S. DaVIGO          :
Deputy Attorney General    :
                                 :

-----------------------------------------------------------


THE HONORABLE BURT MARGOLIN, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

Is the retail installment sale of an off-highway motor vehicle subject to the Unruh Act (Civ. Code, § 1801 et seq.) or the Rees-Levering Motor Vehicle Sales and Finance Act (Civ. Code, § 2981 et seq.)?

CONCLUSION

The retail installment sale of an off-highway motor vehicle which is required to be registered or identified under the Vehicle Code, is subject to the Rees-Levering Motor Vehicle Sales and Finance Act. The retail installment sale of an off-highway motor vehicle which is exempt from registration or identification is subject to the Unruh Act.

ANALYSIS

The Unruh Act, commencing with section 1801 of the Civil Code, governs the provisions of and imposes restrictions upon retail installment contracts for goods or services. (Cf. Fox v. Federated Department Stores, Inc. (1979) 94 Cal.App.3d 867; Crestwood Lumber Co. v. Citizens Sav. and Loan Assn. (1978) 83 Cal.App.3d 819.) The Rees-Levering Motor Vehicle Sales and Finance Act, commencing with section 2981 of the Civil Code, governs the provisions of conditional sales contracts for the sale of motor vehicles. (Cf. Hernandez v. Atlantic Finance Co. of Los Angeles (1980) 105 Cal.App.3d 65, 69; Dixon Mobile Homes, Inc. v. Walters (1975) 48

Cal.App.3d 964, 972.) We are asked whether the Unruh Act or the Rees-Levering Act governs the retail installment sale of an off-highway motor vehicle (OHMV).

For purposes of the Unruh Act, the term "goods" is defined as follows (Civ. Code, § 1802.1).

"'Goods' means tangible chattels bought for use primarily for personal, family or household purposes, including certificates or coupons exchangeable for such goods, and including goods which, at the time of the sale or subsequently are to be so affixed to real property as to become a part of such real property whether or not severable therefrom, but does not include any vehicle required to be registered under the Vehicle Code, nor any goods sold or leased with such a vehicle if sold under a contract governed by Section 2982 or leased under a contract governed by Section 2985.7. . . ." (Emphasis added.)

For purposes of the Rees-Levering Act, the term "motor vehicle" is defined as follows (Civ. Code, § 2981, subd. (k)):

"'Motor vehicle' means any vehicle required to be registered under the Vehicle Code which is bought for use primarily for personal or family purposes, and does not mean any vehicle which is bought for use primarily for business or commercial purposes or a mobilehome, as defined in Section 18008 of the Health and Safety Code which is sold on or after July 1, 1981. . . ." (Emphasis added.)

Hence, whether the retail installment sale of a motor vehicle is to be governed by one Act or the other depends on whether it is required to be registered under the Vehicle Code. Of course, the definition of "motor vehicle" did not, at the time of its enactment (Stats. 1961, ch. 1626, § 4), include OHMVs not driven, moved, or left standing upon a highway, since registration was not then required for such vehicles. (See Veh. Code, § 4000 as it then provided (Stats. 1960, 1st Ex. Sess., ch. 23, § 2); and cf. Ryan v. Mike-Ron Corp. (1964) 226 Cal.App.2d. 71, 77.)

The definition does, however, include any motor vehicle then or thereafter required to be registered as the result of amendatory legislation, even though such motor vehicle may fall within a different class or category than those previously required to be registered. In this regard, the primary rule of statutory construction is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (Friends of Mammoth v. Board of Supervisors (1972) 8 Cal.3d 247, 256; Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 163; Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645.) That is done at the outset by examining the words of the statute themselves. (People v. Craft (1986) 41 Cal.3d 554, 560; People v. Belleci (1979) 24 Cal.3d 879, 884; People v. Knowles (1950) 35 Cal.2d 175, 182.)

Returning to Civil Code section 2981, subdivision (k), the term "motor Vehicle" includes "any vehicle required to be registered . . .," except as otherwise provided. The use of the indefinite adjective "any" indicates that the application is without restriction or limitation. (Emmolo v. Southern Pacific Co. (1949) 91 Cal.App.2d 87, 92; 64 Ops.Cal.Atty.Gen. 192, 202 (1981); 62

Ops.Cal.Atty.Gen. 394, 395-396; 20 Ops.Cal.Atty.Gen. 31, 33 (1952).) Nor does the fact that registration may now be required of a different class or category of motor vehicle impair the definitional scope. (Cf. Estate of Woodward (1964) 230 Cal.App.2d 113, 119, citing 2 Sutherland, Statutory Construction (3d ed.), § 5109, pp. 509-510.) Consequently, the term "motor vehicle" would include OHMVs provided, as discussed below, that such vehicles are required to be registered.

Section 4000[1] provides for the registration of motor vehicles:

"(a) (1) No person shall drive, move, or leave standing upon a highway, or in an offstreet public parking facility, any motor vehicle, trailer, semitrailer, pole or pipe dolly, logging dolly, or auxiliary dolly unless it is registered and the appropriate fees have been paid under this code, except that an off-highway motor vehicle which displays an identification plate or device issued by the department pursuant to Section 38010 may be driven, moved, or left standing in an offstreet public parking facility without being registered or paying registration fees.

". . . . . . . . . . . . . . . . . . . . . . ."[2]   (Emphasis added.)

Section 38010 provides:

"(a) Except as otherwise provided in subdivision (b), every motor vehicle specified in Section 38012, which is not registered under this code because it is to be operated or used exclusively off the highways, except as provided in this division, shall be issued and display an identification plate or device issued by the department.

". . . . . . . . . . . . . . . . . . . . . . ."[3]

Section 38012 provides:

"(a) As used in this division, 'off-highway motor vehicle subject to identification' means a motor vehicle subject to the provisions of subdivision (a) of Section 38010.

---

[1]Hereafter, all section references are to the Vehicle Code.

[2]Section 4000, subdivision (a), does not apply to OHMVs operated pursuant to sections 38025 pertaining to the crossing of highways, and 38026.5 pertaining to the use of connecting links to OHMV recreational use areas. (§ 4000, subd. (c).)

[3]Subdivision (b) contains numerous specialized exemptions including but not limited to wheelchairs, forklift trucks, firefighting and logging vehicles, implements of husbandry, and certain vintage motorcycles, commercial vehicles, and organized racing vehicles.

"(b) As used in this division, 'off-highway motor vehicle' includes, but is not limited to, the following:

"(1) Any motorcycle or motor-driven cycle, except for any motorcycle which is eligible for a special transportation identification device issued pursuant to Section 38088.

"(2) Any snowmobile or other vehicle designed to travel over snow or ice, as defined in Section 557.

"(3) Any motor vehicle commonly referred to as a sand buggy, dune buggy, or all-terrain vehicle.

"(4)    Any motor vehicle commonly referred to as a jeep."[4]

Section 38020 provides:

"Except as otherwise provided in this division, no person shall operate, transport, or leave standing any off-highway motor vehicle subject to identification under this code which is not registered under the provisions of Division 3 (commencing with Section 4000), unless it is identified under the provisions of this chapter. A violation of this section is an infraction. This section shall not apply to the operation, transportation, or leaving standing of an off-highway vehicle pursuant to a valid special permit."[5] (Emphases added.)

It is sufficient for our purposes to observe that an OHMV is either required to be registered (§ 4000) or identified (§§ 38010 & 38020), or is exempt from registration and from

---

[4]Section 38006 provides:

"As used in this division, an 'off-highway motor vehicle' is any of the following:

"(a) A motor vehicle subject to the provisions of subdivision (a) of Section 38010.

"(b) A motor vehicle registered under Section 4000, when such motor vehicle is operated on land to which this division has application.

"(c) A motor vehicle owned or operated by a nonresident of this state, whether or not such motor vehicle is identified or registered in a foreign jurisdiction, when such motor vehicle is operated on lands to which this division has application."

[5]Section 38021 provides for the issuance of a special permit to a manufacturer, dealer, or distributor owning or possessing an OHMV. Section 38087 provides for the issuance of a special permit to a manufacturer, dealer, or distributor operating or using an OHMV for the purpose of delivery, demonstration, or display.

identification (e.g., § 38010, subd. (b)(1)). Those OHMVs which are exempt are not "required to be registered under the Vehicle Code," and are "goods" the retail installment sale of which are subject to the Unruh Act. Those which are required to be registered are subject to the Rees-Levering Act.

The question remains as to those OHMVs which are not registered and are required to be identified. Section 38013 provides:

"Unless otherwise provided, the terms 'identification' and 'identification certificate' shall have the same meaning as the terms 'registration' and 'registration card,' respectively, as used in Division 3 (commencing with Section 4000)."

The term "identification" is the equivalent of "registration." This section, enacted as part of chapter 2 of the Chappie-Z'berg Off-Highway Motor Vehicle Law of 1971, entitled "Registration of Off-Highway Vehicles . . ." (Stats. 1971, ch. 1816, § 9), is general in its terms and unlimited in its application, "[u]nless otherwise provided . . . ." Neither Unruh nor Rees-Levering, both of which were enacted prior to the Off-Highway Motor Vehicle Law, contain any contrary provision. Thus, it follows that the references in Unruh and Rees-Levering to "vehicles required to be registered" include vehicles required to be identified.

Moreover, the words "required to be registered under the Vehicle Code" as used in the Unruh Act and in the Rees-Levering Act include, in light of their essential equivalence of procedure and purpose, both the registration of motor vehicles (§ 4000 et seq.) and the identification of OHMVs (§ 38000 et seq.). In this regard, we have compared the respective procedures relating inter alia to initial application (§ 4150, 38040), certification of ownership (§§ 4451, 38076), and attachment of plates and devices (§§ 5200, 38170), and have found them closely parallel. Indeed, numerous provisions pertaining to registration, e.g., transfer of title and procedures relating to lost, stolen, or altered plates, are directly incorporated into the OHMV identification law. (§§ 38195, 38100.)

Consequently, the Rees-Levering Act may not be rationally deemed less applicable to vehicles required to be identified than to vehicles required to be registered simply by virtue of the distinction in terminology. Hence, it is concluded that the retail installment sale of an OHMV which is required to be registered or identified is subject to the Rees-Levering Act.

* * * * *