968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James H. HUDSON, Petitioner-Appellant,
v.
E.R. MEYERS, Warden, Respondent-Appellee.
 No. 91-15889.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided July 14, 1992.
 
 Before ALARCON, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner James H. Hudson appeals pro se the denial of his petition for habeas corpus. In his petition, Hudson challenged the state court's calculation of his sentence for two counts of rape in violation of California Penal Code § 261(2), one count of oral copulation in violation of California Penal Code § 288a(c), one count of attempted murder in violation of California Penal Code §§ 187 and 664, and one count of kidnapping in violation of California Penal Code § 207. We affirm.
 
 
 3
 * The state court sentenced Hudson to 25 years imprisonment. Hudson received two separate eight year terms for the two rape counts, a two year term for the oral copulation count, and a seven year term for the attempted murder count.[1] All terms were consecutive. With respect to the two rape counts, the state court sentenced Hudson under California Penal Code § 667.6(d), which requires the imposition of full consecutive sentences for each violent sex offense, provided that the crimes occurred on separate occasions.[2] Since neither rape count could be used in calculating other sentences under section 1170.1, see Cal.Penal Code § 667.6(d), the trial court sentenced Hudson to the full middle term permitted by statute for the attempted murder count.
 
 II
 
 4
 Hudson argues that the trial court improperly sentenced him under section 667.6(d) to the two full, consecutive sentences for rape, and the one full, consecutive sentence for attempted murder. Specifically, Hudson contends that the two rapes did not occur on separate occasions, and that therefore, the sentencing court could have sentenced Hudson under section 667.6(c) or section 1170.1, but not under section 667.6(d). Hudson believes that if the trial court knew it had the discretion to sentence him under section 1170.1, it would have done so, and that the sentences for one of the rape counts and the attempted murder count would have been shortened substantially.
 
 
 5
 Essentially, Hudson challenges the application of California's sentencing law to the facts of his case. Because federal habeas corpus proceedings are reserved for violations of federal law, a state prisoner may not seek federal habeas relief based on an allegedly erroneous application of state law. Engle v. Isaac, 456 U.S. 107, 119 (1982); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (court would not consider petitioner's argument that assault with deadly weapon was not "serious felony" for purposes of state sentencing enhancement statute) (citing Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986)). Of course, an interpretation or application of state law that rises to a constitutional violation will be considered on federal habeas. Ballard v. Estelle, 937 F.2d 453, 456 (9th Cir.1991) (misapplication of state sentencing laws that lead to deprivation of liberty interests reviewable in habeas proceedings); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir.1984). "Absent arbitrary or discriminatory action, ... a mistake of state law does not constitute a due process violation." Kennick, 736 F.2d at 1280.
 
 
 6
 A review of the record and California case law demonstrates that the state court acted neither arbitrarily nor discriminatorily. The California Supreme Court interpreted the phrase "separate occasions" under section 667.6(d) in People v. Craft, 224 Cal.Rptr. 626 (1986). It held that
 
 
 7
 subdivision [667.6(d) ] only applies to offenses against the same victim between which the perpetrator temporarily lost or abandoned the opportunity to continue his attack: such an opportunity ... is abandoned when the offender keeps the victim within his control but engages in some significant activity unrelated to continuing his attack.
 
 
 8
 Id. at 629. In Craft, the sentencing court erred in sentencing the defendant under subsection (d) because the three rapes constituted "a single episode." Id. at 630. "Although an hour, more or less, passed between each of the rapes, time alone does not distinguish separate occasions." Id. Because the defendant did not undertake "any significant independent activities between the rapes that were unrelated to the rapes," the rapes did not occur on separate occasions. Id.
 
 
 9
 Hudson argues that in this case, the trial court committed "Craft error" because it relied on time and geography as a basis for determining that the two rapes occurred on separate occasions. Hudson is incorrect. In addition to relying on the elements of time and geography, the trial court found that there was "a break in the action" between the first and second rape. In so finding, the trial court cited to testimony by both the victim and Hudson that, after the first rape, Hudson refused to let the victim go, stating that he wanted to retrieve his stash of cocaine. This case is different from Craft because the trial court obviously relied on the fact that, in between the two rapes, Hudson undertook activity relating to recovering his stashed cocaine.
 
 
 10
 While Hudson admits that he told the victim he was taking her to get his cocaine stash, and that he drove the victim to the area where it was hidden, he contends that this was a mere ploy to get her to another location. Given this subjective intent, Hudson argues, the second rape was a continuation of the first rape, and could not be considered a separate occasion. The trial court found otherwise. This finding is supported by the record and is not arbitrary or discriminatory. At the preliminary hearing, the victim testified that Hudson told her that he was taking her to retrieve the cocaine he had stashed in a different location, and that after they arrived at this local, Hudson walked her around the grounds.[3] His statement of intent to take the victim to retrieve the cocaine, together with the affirmative act of driving the victim to the site, support the trial court's finding.
 
 
 11
 Since the state court correctly applied section 667.6(d), it also correctly sentenced Hudson to a full consecutive sentence for aggravated murder. If a sentencing court uses section 667.6(d) to calculate a sentence for a violent sex crime, that crime may not serve as a "principal" term under section 1170.1. People v. Waite, 194 Cal.Rptr. 245, 247 (Cal.App.1983). There being no principal term, the aggravated murder count could not be treated as "subordinate," meaning that the sentencing court could not sentence Hudson to only one-third of the middle term, but had to sentence him to the full term.
 
 
 12
 The trial court's application of California's sentencing statute does not rise to a constitutional violation.
 
 III
 
 13
 Hudson further argues that section 667.6, if applied to both recidivists and first time offenders, violates the due process and equal protection clauses of the United States Constitution.[4] We do not find a violation of either clause.
 
 
 14
 With respect to the due process clause, Hudson argues that section 667.6(d) is vague and arbitrary because it does not clearly define the class of offenders to which subsection (d) applies. He also argues that the statute is irrational because it does not provide a standard for linking culpability to punishment. Both arguments are without merit. The 1982 version of subsection (d), under which Hudson was sentenced, requires enhancements for recidivists and first time offenders who perpetrate crimes against separate victims or against the same victim on separate occasions. These individuals, according to subsection (d), are the more serious sex offenders. We find no ambiguity as to whom subsection (d) applies: it applies to any offender who rapes more than one person, or who rapes the same person on separate occasions. The term "separate occasions" has been interpreted by the California Supreme Court in a manner which identifies who falls within subsection (d). See Craft, 224 Cal.Rptr. 626 (1986). We hold that the statute is not unconstitutionally vague or arbitrary. We also hold that section 667.6(d) does link increased culpability to increased punishment, and is therefore not irrational.
 
 
 15
 Hudson also claims an equal protection violation because some first time offenders are sentenced under the more lenient structure set out in section 1170.1, while other first time offenders are sentenced under section 667.6(d). The equal protection clause requires equal treatment for all individuals who are similarly situated. See John E. Nowak, Ronald D. Rotunda & J. Nelson Young, Constitutional Law, § 14.2 (3d ed. 1986). The problem with Hudson's argument is that he draws the class too broadly; not all first time offenders are similarly situated. He is in the more specific class of first time offenders who have committed multiple offenses, and the distinction that subsection (d) makes acknowledges the difference between a first time offender who commits one sexual offense and a first time offender who commits multiple sexual offenses. The dissimilar treatment does not violate the Constitution.
 
 
 16
 Even if all first time offenders were considered to be in the same class for purposes of equal protection analysis, the distinction drawn by the California legislature survives scrutiny because there is a rational basis for requiring full, separate and consecutive terms for those offenders who commit multiple offenses. The difference in punishment is based on culpability. The legislature could rationally conclude that a person who rapes more than one victim, or who rapes one victim on separate occasions deserves a more severe punishment than a person who commits only one rape. We find Hudson's equal protection claim to be without merit.
 
 IV
 
 17
 Hudson raises two other arguments, neither of which need to be addressed on the merits. First, Hudson argues that application of section 667.6 to first time sex offenders violates several provisions of the California State Constitution. As stated above, violations of state law are not cognizable in federal habeas proceedings. Miller, 868 F.2d at 1118-19.
 
 
 18
 Second, Hudson contends that the allegation of abandonment should have been charged in the information, and that failure to do so means that the trial court could not rely on it in sentencing.[5] Even if Hudson had correctly raised the issue below, we reject it for two reasons. First, it deals solely with the application of a state procedural law, and as such may not be challenged on federal habeas. Miller, 868 F.2d at 1118-19. Second, the precise argument was rejected in People v. Price, 199 Cal.Rptr. 99, 100 (Cal.App.1984) ("we reemphasize that the harsher sentencing provisions of Penal Code section 667.6, subdivisions (c) and (d) are not 'enhancements' such as must be pleaded in the information pursuant to section 1170.1, subdivision (e) [sic].") (footnote omitted).[6]
 
 
 19
 The district court's denial of Hudson's petition for a writ of habeas corpus is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The trial court also sentenced Hudson to a seven year term for the kidnapping count, but stayed execution of that sentence
 
 
 [2]
 At the time of sentencing, section 667.6(d) provided in pertinent part:
 A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions.
 Cal.Penal Code § 667.6(d).
 
 
 [3]
 Hudson contends that the district court's use of the preliminary hearing testimony violated his Sixth Amendment right to confrontation because his counsel did not have an adequate opportunity to cross examine the victim on the issue of abandonment. This argument is meritless. Other than describing the sequence of events and Hudson's statements, the victim could not have testified to Hudson's true intent in taking her to the second location. While it is true that the question of "separate occasions" or abandonment did not become an issue until sentencing, Hudson's counsel had an opportunity to cross examine the victim concerning her memory of the night's events because the victim's testimony at the preliminary hearing was relevant to establishing the facts of the crime
 Even if use of the victim's testimony for purposes of determining abandonment violated the Sixth Amendment, the error is harmless because Hudson admits that he told the victim he was taking her to the place where he had stashed his cocaine, that he drove her to the alleged hiding place, and that he lead her around the grounds. Hudson now challenges only the trial court's interpretation of these facts.
 
 
 [4]
 We construe this claim broadly even though Hudson did not raise it in his Statement of Issues, because he informally raised the argument in his Statement of Facts
 
 
 [5]
 The State argues that Hudson did not raise this argument either in state court or before the district court. While Hudson did not raise the abandonment issue in his appeal to the state court, he did do so in both a letter to Judge Weigel and his Answer to the State's denial of his habeas claim
 
 
 [6]
 Contrary to Hudson's contention, People v. Haskin, 7 Cal.Rptr.2d 1 (Cal.App.1992), is not relevant because it does not concern section 667.6(d)