[Crim. No. 3982. Fifth Dist. May 22, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN LEE MILLER, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender, Richard E. Shapiro and Judith W. Allen, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Diana Beth Constantino, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, J.**—Appellant appeals from a judgment of conviction following jury trial of violating Penal Code section 211, robbery (count I) and Penal code section 245, subdivision (a), assault by means of force likely to produce great bodily injury (count II). Appellant was sentenced to state prison for the aggravated term of four years on the robbery. Sentence on the felony assault conviction was stayed pending completion of sentence on the robbery.

Appellant makes three contentions on appeal: (1) the trial court committed reversible error as to count II by failing to define great bodily

injury as twice requested by the jury; (2) resentencing is required on the robbery conviction because the trial judge failed to state his reasons for imposing the upper prison term; and (3) appellant is entitled to work/good time credit on his prison term for time spent in presentence custody.

For the reasons to be explained, we accept appellant's first two contentions and reject the third contention.

### FACTS

On May 20, 1978, at approximately 1 a.m. the victim Clyde Taylor, a farm worker, was sitting near Lakeview Avenue in Bakersfield, California, drinking a beer. Appellant came up to Mr. Taylor and asked for some money to buy a beer. Taylor got up to get more money in his room and as he did so, appellant grabbed Taylor around the neck, choked him and forced him to the ground. Appellant took 40 cents from Taylor's front pocket and tore Taylor's pants until he got a wallet from Taylor's back pocket. In taking the wallet, appellant put his knees on Taylor's neck.

Two police officers in a patrol car happened by; they observed Taylor lying on the ground and appellant running from the scene. The officers pursued appellant, and arrested him in a restroom of a nearby hotel. In the restroom the officers found Taylor's wallet and some change in the approximate amount taken from his pocket.

Taylor identified appellant as the person who had assaulted him. The officers observed that Taylor was covered with dirt on the front of his body, had a minor laceration above his left eye, and blood on his chin. His left rear pants pocket was torn, and his pants were ripped in back.

Appellant did not testify at the trial.

### PREJUDICIAL ERROR IN JURY INSTRUCTIONS

■ The trial judge instructed the jury on the crime of assault by means of force likely to produce great bodily injury in the words of CALJIC No. 9.02 which, as it read before 1979, did not define the term "great bodily injury."[1]

---

[1] The 1979 revision of CALJIC No. 9.03 provides the following definition of great bodily injury: "As used in this instruction, great bodily injury refers to significant or

This court has recently held that in a Penal Code section 245, subdivision (a) prosecution the trial judge is not required on his own motion to instruct the jury as to the meaning of the words "great bodily injury" (*People* v. *Roberts* (1981) 114 Cal.App.3d 960 [170 Cal.Rptr. 872]). However, where the jury during its deliberations indicates confusion over the meaning of the term and specifically requests a definition of the term,[2] we believe the court must honor the request. When the jury asks for clarification, it no longer can be presumed that the jury understands the meaning of the term. Only by answering the jury request does the court fulfill its duty to instruct on those elements of the case necessary for the jury to reach an informed decision (see *People* v. *Iverson* (1972) 26 Cal.App.3d 598, 604 [102 Cal.Rptr. 913]).

The present case is distinguishable from *People* v. *Roberts, supra*, 114 Cal.App.3d 960, since in that case there was no evidence of jury confusion over the meaning of the term great bodily injury. Furthermore, there was no serious question in *Roberts* as to the defendant's use of force likely to produce such an injury—the defendant there seized the victim's wallet, struck him several times, knocking him down, then knocked him down again and proceeded to kick him, causing the victim to suffer short lapses of consciousness. In the present case, it was a close question whether appellant used sufficient force likely to produce great bodily injury. Thus, the trial court should have defined the words for the jury.

We find it reasonably probable that if the jury had been instructed as to the definition of "great bodily injury" it might have found appellant guilty on count II only of the lesser crime of misdemeanor assault or battery.

## APPELLANT SHOULD BE REMANDED
## FOR RESENTENCING ON COUNT I

The Attorney General concedes the trial court failed to orally state on the record his reasons for imposing the upper term on the robbery

substantial bodily injury or damage; it does not refer to trivial or insignificant injury or moderate harm." Appellant's jury trial took place on August 7, 1978, hence, the trial court did not have the benefit of the revised CALJIC instruction. However, it did have the benefit of Penal Code section 12022.7 and the interpretation thereof in *People* v. *Caudillo* (1978) 21 Cal.3d 562, 580-581 [146 Cal.Rptr. 859, 580 P.2d 274].

[2]After the jurors had retired for deliberations, they twice asked the trial court to reinstruct them on simple and felony assault under count II. During the first request, the jury specifically asked for a definition of great bodily injury. The judge replied that it was a fact question to be determined by the jury.

conviction; accordingly there should be a remand for resentencing. (See *People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807].)

Finally, as to appellant's third contention about sentencing error, we have received written verification from the Attorney General that appellant was given 487 days of good time credit on April 9, 1980, and was paroled on January 29, 1981; hence, his contention concerning sentencing error is now moot.

Appellant's conviction of robbery under count I is affirmed; the matter, however, is remanded for resentencing in accordance with the views expressed in this opinion. The judgment of conviction of assault by means of force likely to produce great bodily injury under count II is reversed.

Brown (G. A.), P. J., and Hanson (P. D.), J., concurred.