[No. A030731. First Dist., Div. Four. Aug. 29, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH SCOTT HUNTER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III-A, B.

COUNSEL

Eric Liberman and Judith K. Kent, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Martin S. Kaye and Cynthia Choy Ong, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHANNELL, J.—

### I. INTRODUCTION

Following a remand for resentencing pursuant to *People v. Belmontes* (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686], appellant Joseph Scott Hunter again appeals. Appellant contends that the trial judge erred when he (1) personally passed on the motion to disqualify him; (2) failed to consider a full and complete supplemental sentencing report; and (3) resentenced appellant without complying with *Belmontes* and other required sentencing procedures.

### II. STATEMENT OF THE CASE

Appellant was found guilty by a jury of seven sexual offenses, based on two separate incidents, one in April 1981 with Lauren L. and one in May

1981 with Lorie D. and Michelle L.[1] At his first sentencing proceeding, appellant was sentenced to the upper term on all counts for an aggregate term of 42 years. As to count VII, the upper term of three years was to run concurrently with that of count III, and was stayed pending service of the other terms.

Appellant appealed. Division One of this court, in an unpublished opinion, affirmed the conviction but remanded the matter for resentencing ". . . in the light of . . . section 654, *People* v. *Belmontes, supra,* 34 Cal.3d 335, and otherwise according to law." (*People* v. *Hunter* (Mar. 13, 1984, A015749).)

On remand, appellant filed a motion to disqualify the trial judge pursuant to former Code of Civil Procedure section 170, subdivision (a)(5) on the basis of bias or prejudice,[2] suggested by his counsel's declaration. The trial judge filed a declaration in opposition to the motion and then ordered the counsel's declaration to be struck due to its failure to set forth facts legally sufficient to require disqualification.

A supplemental sentencing report was filed. The trial court resentenced appellant to the upper term on all counts for an aggregate term of 39 years, with the three-year terms of counts III and VII running consecutively. A timely notice of appeal was filed.

### III. Discussion*

. . . . . . . . . . . . . . . . . . . . . . . . .

[1] Unless otherwise indicated, all section references are to the Penal Code.
Appellant was convicted of the following specific counts:
    II.—Lewd or lascivious acts on a female under the age of 14 (§ 288, subd. (b))
      —Lauren L.
    III.—Unlawful sexual intercourse (§ 261.5)
      —Lauren L.
    IV.—Forcible oral copulation (§ 288a, subd. (c))
      —Lorie D.
    V.—Forcible oral copulation (§ 288a, subd. (c))
      —Lorie D.
    VI.—Forcible rape (§ 261, subd. (2))
      —Lorie D.
    VII.—Unlawful sexual intercourse (§ 261.5)
      —Lorie D.
    VIII.—Forcible oral copulation (§ 288a, subd. (c))
      —Michelle L.

[2] This section was repealed and reenacted as Code of Civil Procedure sections 170.1 and 170.3, effective January 1, 1985. (Stats. 1984, ch. 1555.)

*See footnote, *ante,* page 1531.

## C. *Sentencing Errors*

### 1. *Violation of the Sentencing Procedure Mandated by People v. Belmontes*

Appellant asserts that the trial court violated *People v. Belmontes, supra,* 34 Cal.3d 335, when it sentenced appellant to two full, consecutive terms for two counts of forcible oral copulation with a single victim pursuant to section 667.6. Appellant was convicted of two separate counts (IV and V) of forcible oral copulation against Lorie D. (See fn. 1, *ante*.) She was told by appellant to lay down in the front seat of his car. He proceeded to perform oral copulation upon her. Appellant then ordered her into the back seat, where he forced her to perform oral copulation upon him.

The trial court failed to identify under which subdivision, (c) or (d), of section 667.6 it was sentencing appellant. ■ Applying either, we find *People v. Belmontes, supra,* 34 Cal.3d 335, to have been violated.

Assuming that subdivision (d) of section 667.6 was applied,[3] there must have been multiple sexual crimes involving the "'same victim on separate occasions.'" (*People v. Craft* (1986) 41 Cal.3d 554, 559 [224 Cal.Rptr. 626, 715 P.2d 585].) Respondent argues that the two acts of forcible oral copulation against Lorie D. constituted "separate occasions." The California Supreme Court recently defined "separate occasions" in *People v. Craft, supra,* 41 Cal.3d at page 562. Acts "separated by a period in which the defendant has lost or abandoned his opportunity to continue his attack" are "separate occasions" for the purposes of section 667.6, subdivision (d). (*Ibid.*) Sexual offenses occurring during a "single episode" are not "separate occasions." (*Ibid.*)

We find that the two acts of forcible oral copulation involving Lorie D. occurred during a "single episode," and not on "separate occasions." The record fails to show that appellant undertook any significant, independent activities between the two acts that were unrelated to the acts themselves and that would show that appellant temporarily abandoned his opportunity. Thus, if appellant was sentenced pursuant to section 667.6, subdivision (d), it was error.

---

[3]Subdivision (d) provides in pertinent part: "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm if such crimes involve separate victims or involve the same victim on separate occasions."

■ Assuming the trial court applied subdivision (c)[4] of section 667.6, it had discretion to impose full, consecutive, and separate terms, "whether or not the crimes were committed during a single transaction." But when doing so, the trial court must not only state its reasons for imposing consecutive sentences, but also must state its reasons for sentencing under that section rather than section 1170.1, subdivision (a). (*People* v. *Belmontes, supra,* 34 Cal.3d at p. 347; *People* v. *Smith* (1984) 155 Cal.App.3d 539, 543 [202 Cal.Rptr. 259].)

Both parties agree that the trial court failed to state its reasons for sentencing under section 667.6, subdivision (c), rather than section 1170.1, subdivision (a). Yet, respondent argues that since the trial court did state its reasons for imposing consecutive sentences, and since those same reasons may be used to justify the use of section 667.6, subdivision (c) (*People* v. *Belmontes, supra,* 34 Cal.3d at p. 348), then those reasons should be implied to have been used to fulfill the second requirement.

The argument is without merit. In *People* v. *Belmontes, supra,* 34 Cal.3d 335, the Supreme Court explicitly stated: "A decision to sentence under section 667.6, subdivision (c) is an additional sentence choice which requires a statement of reasons separate from those justifying the decision merely to sentence consecutively." (*Id.,* at p. 347.) The Supreme Court continued: "The crucial factor . . . is that the record reflect recognition on the part of the trial court that it is making a separate and additional choice in sentencing under section 667.6, subdivision (c)." (*Id.,* at p. 348.) If appellant was sentenced under section 667.6, subdivision (c), it was error. The trial court was required, but failed, to give a statement of reasons.

2. *Failure to State the Reasons for Imposing the Upper Term in Counts III and VII*

Appellant contends that the trial court erred when it failed to state the reasons for imposing the upper terms for counts III and VII (the unlawful sexual intercourse of Lauren L. and Lorie D., respectively). Respondent concedes the error, but argues that the trial court was not required to state the reasons for its sentencing decision, since it had already, in effect, done so when stating the reasons for imposing the upper terms for counts II and VI.

---

[4]Subdivision (c) provides in pertinent part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm whether or not the crimes were committed during a single transaction."

■ California Rules of Court, rule 439(c) requires that the facts and reasons for selecting the upper term as to each count shall be orally stated for the record. California Rules of Court, rule 443, and the comment thereto, notes that such a statement is necessary for meaningful appellate court review. The procedure advanced by respondent violates both the letter and the spirit of the court rules. Accordingly, the trial court erred when it failed to state reasons for giving the upper term in counts III and VII. (See *People v. Miller* (1981) 120 Cal.App.3d 233, 236-237 [174 Cal.Rptr. 479]; *People v. Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807].)

### 3. *Failure to Stay Counts III and VII*

■ Appellant contends that the trial court erred when it ruled that counts III and VII should run concurrently. The parties agree that counts II and III, and VI and VII constituted single acts. Section 654 precludes multiple punishments for a single act or indivisible course of conduct. (*People v. Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552]; *People v. Martinez* (1985) 171 Cal.App.3d 727, 736 [217 Cal.Rptr. 546].)

Concurrent sentences are also precluded by section 654. (*People v. Miller, supra,* 18 Cal.3d at p. 888; *People v. Lee* (1980) 110 Cal.App.3d 774, 785 [168 Cal.Rptr. 231].) Where multiple prison terms are improperly imposed as in this case, the reviewing court may modify the sentence to stay imposition of the sentence. (*People v. Martinez, supra,* 171 Cal.App.3d at p. 736, citing *People v. Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905].) Since we remand on other grounds, we direct the trial court to modify the abstract of judgment accordingly and to forward a copy of the amended abstract of judgment to the Department of Corrections.

### IV. DISPOSITION

The trial judge has made it abundantly clear that appellant is going to get the maximum sentence he can impose. A remand for resentencing because of sentencing errors may be unnecessary if this court is satisfied that a more favorable result for appellant would not be reached. (Cf. *People v. Wright* (1982) 30 Cal.3d 705, 714 [180 Cal.Rptr. 196, 639 P.2d 267]; *People v. Smith, supra,* 155 Cal.App.3d at p. 546.) However, since the trial judge paid little attention to the direction of this court on the first remand, resulting in further delay and unnecessary additional judicial review, as well as added expense to the taxpayers, we reluctantly again send the case back to the superior court to resentence the defendant in accordance with this decision. We trust the trial judge will make the effort to do it correctly this time.

The judgment is reversed and the cause remanded to the trial court with directions to resentence appellant in accordance with this decision. In all other respects, the judgment is affirmed.

Poché, Acting P. J., and Sabraw, J., concurred.