[Nos. B028388, B028389. Second Dist., Div. Six. Oct. 31, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE ANTONIO ROJAS, Defendant and Respondent.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. Those portions to be published follow.

**COUNSEL**

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Whiteside, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—The People appeal from the trial court's imposition of sentences in Ventura County Superior Court cases CR 21446 and CR

21447 ordered consolidated by this court for purposes of appeal. The Attorney General filed a "no merit" letter in both cases and declined to file opening briefs. The Ventura County District Attorney took up the cudgel.

The People contend that the trial court erred in failing to sentence Rojas pursuant to Penal Code section 667.6, subdivision (d), and in the alternative, failed to exercise its discretion to sentence pursuant to section 667.6, subdivision (c) in lieu of section 1170.1.[1] For the reasons set forth below, we affirm the judgment.

### STATEMENT OF THE CASE

The People appeal from the judgments in cases CR 21447 and CR 21446. In case number CR 21447, the court convicted Rojas of rape (§ 261, subd. (2)) and first degree burglary (§ 459) with intent to commit rape of Gloria B., committed July 21, 1986. The jury also found that Rojas committed the offenses while released on his own recognizance for a felony offense pending in Los Angeles. (§ 12022.1.) Prior to trial, the People informed Rojas that if he did not accede to their offer to consolidate cases CR 21446 with CR 21447 for trial, a conviction in CR 21447 might be alleged as a prior offense in the subsequent trial of CR 21446. Rojas did not agree to the consolidation and the People made good their intention.

In case CR 21446, Rojas was convicted of the residential burglary of Carol Louise Angelello committed July 23, 1986. Rojas admitted the section 12022.1 allegation as well as the allegation of a prior serious felony conviction, to wit the rape of Gloria B. (§ 667, subd. (a)). May 1, 1987, the trial court sentenced Rojas in CR 21447 to the middle term of six years for the rape, stayed the burglary conviction pursuant to section 654, suspended the two-year section 12022.1 enhancement, and in CR 21446, sentenced him to one-third of the middle term of four years (1.4 years) for the Angelello burglary consecutive to case 21447, plus five years for prior serious felony enhancement, and suspended the section 12022.1 allegation, for a total term on both cases of twelve years, four months.

After imposition of sentence, the People moved the court to reconsider, contending that the court should have imposed sentence pursuant to section 667.6, subdivision (d), or, in the alternative, section 667.6, subdivision (c). The trial court stated it did not find that section 667.6, subdivision (d) applied, and was unaware of its discretion to sentence pursuant to section 667.6, subdivision (c) where there was only one sex offense committed. The court added, however, that had it been aware of such discretion, "the

---

[1] All statutory references hereinafter are to the Penal Code unless otherwise specified.

probability [was] very strong" that it would not have imposed a different sentence due to imposition of the five-year enhancement for the prior serious felony as it did not believe the offenses warranted more than twelve years, six months.

DISCUSSION*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

*Section 667.6, subdivision (d), does not mandate a different result.*

■ ■ ■ ■     Section 667.6, subdivision (d), provides that "[a] full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person if the crimes involve separate victims or involve the same victim on separate occasions. . . ."[4]

Section 667.6, subdivision (d), further provides that "[t]he term shall be served consecutively to any other term of imprisonment, and shall commence from the time the person would otherwise have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

■     The People contend that this section requires a full separate term for each and every forcible rape, even if only one sex offense was committed, and that sentence for this sex offense must be imposed consecutive to the nonsex offense. Consequently, according to the People, the trial court could not utilize the rape as the principal term, but should have imposed the full six-year term consecutive to the burglary conviction in CR 21446. The People assert, in other words, that whenever a defendant is sentenced on one sex crime together with nonsex-related offenses, the trial court *must* sentence under 667.6, subdivision (d). Although the sentencing scheme

---

*See footnote, *ante,* page 795.

[4] Because imposition of consecutive sentences under this section is mandatory in appropriate circumstances, an appeal from an alleged failure to utilize this section would appear authorized under section 1238, subdivision (a)(10), which gives the People the right to appeal from the imposition of an unlawful sentence.

under section 667 has not been a model of clarity, it has never yet been given this novel interpretation and we decline to do so here.

Subdivision (d) has consistently been interpreted as referring to multiple sexual offenses, even though this exact question has not been presented. (See *People* v. *Craft* (1986) 41 Cal.3d 554, 559 [224 Cal.Rptr. 626, 715 P.2d 585]; *People* v. *Hunter* (1986) 184 Cal.App.3d 1531, 1535 [229 Cal.Rptr. 330]; *People* v. *Jamison* (1984) 150 Cal.App.3d 1167, 1176 [198 Cal.Rptr. 407]; *People* v. *Collins* (1983) 143 Cal.App.3d 742 [192 Cal.Rptr. 101]; *People* v. *Thompson* (1982) 138 Cal.App.3d 123 [187 Cal.Rptr. 612].)

Moreover, it appears that the question presented has been resolved against the People in the recent California Supreme Court decision of *People* v. *Jones* (1988) 46 Cal.3d 585 [250 Cal.Rptr. 635, 758 P.2d 1165]. There the Supreme Court held that a person convicted of multiple felonies, of which only one is a violent sex offense enumerated in section 667.6, subdivision (c), may receive a full, consecutive sentence for that sex offense pursuant to that subdivision. (*Id.,* at p. 589.)

In holding that the multiple crimes necessary to bring section 1170.1 into play need not be multiple violent sex offenses, the court differentiated the language in subdivisions (c) and (d): "The functional difference between a legislative grant of discretionary authority and a legislatively mandated sentencing scheme would suggest that the meaning of the word 'crimes' in subdivisions (c) and (d) may not have been intended to be the same." (*People* v. *Jones, supra,* 46 Cal.3d at p. 595.) The court stated that while the prefatory language of subdivision (c), "In lieu of the term provided in Section 1170.1," discloses a legislative purpose to provide in the context of violent sex offenders a discretionary sentencing alternative to the standard consecutive sentencing formula in section 1170.1, subdivision (d) contains no similar language and constitutes a mandatory consecutive sentencing scheme applicable only when a defendant has been convicted of *two or more* enumerated sex offenses. (46 Cal.3d at p. 595.)

The Supreme Court explained that the original language of subdivision (d), "if such crimes involve separate victims or involve the same victim on separate occasions," indicates that the Legislature intended the word "crimes" in that provision to refer back to the immediately preceding list of enumerated sex offenses. "In this way the Legislature indicated that subdivision (d), the mandatory consecutive sentencing provision, was intended to cover only the multiple ESO situation." (*People* v. *Jones, supra,* 46 Cal.3d at p. 596.) In contrast, the Legislature used the neutral article "the" to modify the word "crimes" in subdivision (c). *Jones* took the view that "the crimes" in subdivision (c) refers to the multiple crimes necessary to bring section

1170.1 into play—crimes which need not be multiple violent sex offenses. (*Id.,* at pp. 596-597.)

Although subdivision (d) was amended in 1985 to change the words "such crimes" to "the crimes," the Supreme Court found nothing in the legislative history of the 1985 amendment to reveal the change was substantive. (*People* v. *Jones, supra,* 46 Cal.3d at p. 596.) Consequently, the People's argument that subdivision (d) is applicable where only one of a defendant's multiple felonies is a violent sex offense must fail.

The People further argue that since the trial court indicated that had it not felt that the five-year prior serious felony enhancement was mandatory and imposed it, the court might have exercised its discretion to utilize the provisions of section 667.6, subdivision (c), we should remand for resentencing. The propriety of that enhancement is not before us. If, in respondent's pending appeal, he is successful in challenging that enhancement, the trial court will have the opportunity to sentence respondent anew.

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.