Filed 4/22/16  P. v. Martinez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO MARTINEZ, JR.,<br><br>Defendant and Appellant. | B263156<br><br>(Los Angeles County<br>Super. Ct. No. KA096967) |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge.  Reversed and remanded for resentencing.

Katherine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Pedro Martinez, Jr. (Martinez) was convicted by jury of eight counts. The jury found true two firearm enhancements. Following a bifurcated bench trial, at which the court found Martinez had suffered two prior violent or serious felony convictions constituting strikes under the three-strikes law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), and six prior convictions for which he served separate prison terms (Pen. Code, § 667.5, subd. (b)), the court sentenced Martinez to six consecutive prison terms of 25 years to life, for a total term of 150 years to life. In a prior appeal from that judgment, this court in an unpublished opinion (*People v. Martinez* (Sept. 12, 2013, B243702 [nonpub. opn.] (*Martinez I*)) affirmed Martinez's convictions but reversed the judgment due to sentencing errors. After the matter was remanded for a new sentencing hearing, the court resentenced Martinez to a total term of 125 years to life.

In this appeal, Martinez contends the court prejudicially erred when it conducted the new sentencing hearing without his presence. Martinez also contends that upon remand a different judicial officer should hear his case. We agree with Martinez's first contention, but reject his second. Accordingly, we reverse and remand for a sentencing hearing where Martinez is present with counsel.

## BACKGROUND

### 1. The Convictions and Prior Sentence

In 2012, a jury convicted Martinez of evading an officer with willful disregard (Veh. Code, § 2800.2; count 1), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 2), possessing methamphetamine for sale (Health & Saf. Code, § 11378; count 3), transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 4), possessing methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a); count 5), being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count 6), being a felon carrying a loaded firearm in a vehicle on a public street (Pen. Code, § 25850, subd. (a); count 7), and being a felon in possession of ammunition (Pen. Code, § 30305, subd. (a)(1); count 10).

The jury also made true findings that a principal was armed with a firearm as to counts 1 through 4 (Pen. Code, § 12022, subd. (a)(1)), and that Martinez was personally armed with a firearm as to counts 3 and 4 (Pen. Code, § 12022, subd. (c)).

Martinez admitted the prior conviction allegations that he was a felon as to counts 6, 7, and 10. In a bifurcated trial, the court found Martinez suffered two prior violent or serious felony convictions (Pen. Code, §§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and six separate prior prison terms (Pen. Code, § 667.5, subd. (b)). At the original sentencing hearing, the court denied Martinez's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to strike his two prior violent or serious felony convictions, but stayed the six one-year prior prison term enhancements. The court sentenced Martinez to six consecutive terms of 25 years to life in state prison, or a total of 150 years to life.

### 2. Appeal and New Sentencing Hearing

In *Martinez I*, we held the court erred by imposing, but not staying, Martinez's sentence for count 4 under Penal Code section 654, because counts 3 and 4 involved the same criminal act. We ordered the court to stay Martinez's punishment under count 4. We also held the court erred in imposing two prior prison term enhancements for two sentences Martinez had previously served concurrently, and we ordered one of the enhancements stricken. Further, we determined that the court erred in staying, in lieu of striking, consecutively imposed prior prison term enhancements. Finally, we held the court failed to recognize that it had discretion under Penal Code section 1170.12, subd. (a)(6) to impose concurrent or consecutive terms for Martinez's current felony offenses. Accordingly, we vacated the court's imposition of consecutive terms of punishment, and remanded the matter so the court could resentence Martinez and exercise its discretion under Penal Code section 1170.12, subd. (a)(6).

On January 17, 2014, the court conducted a new sentencing hearing but Martinez was not present. The court explained that it "did not order the defendant out because upon a remand for sentencing where the sentence[e] will not be a new sentence[e] increasing the punishment the defendant's presence is not required." After the court

3

indicated that it intended to impose consecutive terms for Martinez's offenses, defense counsel requested that the court impose concurrent terms. The court denied defense counsel's request based on Martinez's criminal history, his strike priors, and the aggravating circumstances of the crimes. The court then imposed consecutive terms of 25 years to life in prison for counts 1, 2, 3, 6 and 10, for a total of 125 years to life. As for counts 4, 5 and 7, the court imposed terms of 25 years to life but stayed them under Penal Code section 654. The court concluded the sentencing hearing by striking all of the prior one-year prison term enhancements.

## DISCUSSION

Martinez contends, and the People concede, that the trial court erred in sentencing Martinez in his absence. We agree this was error. (See Cal. Const., art. I, §§ 15, 16 ["A defendant has a right to be present at critical stages of a criminal prosecution"]; Pen. Code, § 977, subd. (b)(1) [critical stages include "the time of the imposition of sentence"]; see also *People v. Arbee* (1983) 143 Cal.App.3d 351, 356 (*Arbee*) ["sentencing constitutes an essential and material phase of the criminal proceeding"]; *People v. Robertson* (1989) 48 Cal.3d 18, 60 [defendants have a constitutional and statutory right to be present at a sentence modification hearing and imposition of sentence]; *People v. Dial* (2004) 123 Cal.App.4th 1116, 1122 ["[s]entencing is a critical stage in the criminal proceeding at which the defendant has the right to appear with counsel and present evidence"].)

However, the People argue the error was harmless because "[t]he sentencing court had been the trial court and, thus, was familiar with the evidence in the case" and "[g]iven the numerous aggravating factors . . . , it is not reasonably probable that [Martinez] would have received a more favorable sentence had he been present at the sentencing hearing." We disagree. In *People v. Rodriguez* (1998) 17 Cal.4th 253 (*Rodriguez*), superseded by statute on other grounds as stated in *People v. Luna* (2003) 113 Cal.App.4th 395, 397, the California Supreme Court explained that when a case is remanded to the trial court to exercise discretion on whether to strike prior violent or serious felony convictions under Penal Code section 1385, it is "manifestly unfair" to

4

"permit the trial court to decide how to exercise its discretion . . . without affording defendant and his counsel an opportunity to address the subject." (*Rodriguez*, s*upra*, 17 Cal.4th at p. 260.) The court also expressly rejected the argument that the defendant's original *Romero* motion and record were sufficient to present defendant's position on remand. (*Id*. at p. 258.)

Although the court in this case was not tasked with deciding a *Romero* motion at the resentencing hearing, we find *Rodriguez* instructive. Like Penal Code section 1385, which was at issue in *Rodriguez*, Penal Code section 1170.12, subdivision (a)(6), affords a trial court discretion when determining what sentence to impose in a three-strikes case. Under Penal Code section 1170.12, subdivision (a)(6), the trial court retains discretion to impose concurrent or consecutive sentences if the current felony convictions were committed on the same occasion and arise from the same set of operative facts. (See *People v. Coelho* (2001) 89 Cal.App.4th 861, 864-865.)

In light of *Rodriguez*, we will not speculate that Martinez's presence "would not have made a difference" in the sentence he received simply because the sentencing court on remand was the same court that originally sentenced him. (See *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256 ["the trial judge's original sentencing choices did not constrain him or her from imposing any sentence permitted under the applicable statutes and rules on remand"].) By virtue of his absence, Martinez did not have a full and fair opportunity to present a case supporting the court's favorable exercise of discretion, namely the imposition of concurrent terms for some or all of his felony convictions. (See *Rodriguez*, *supra*, 17 Cal.4th at p. 258; see also *id.* at p. 260 ["[e]ven if nothing is said on the subject and no arguments for a favorable exercise of discretion are presented, still no unfairness results because the defendant and his counsel are present in the courtroom at the relevant time and free to advance such arguments if they choose"].) Because we cannot conclude that the court's failure to require Martinez's presence was harmless, the matter shall be remanded to the court for a new sentencing hearing where Martinez is present with counsel. (*Ibid.*; *People v. Buckhalter* (2001) 26 Cal.4th 20, 36 [it is " 'just under the circumstances' to require the

5

defendant's presence with counsel on remand, even if the trial court ultimately decide[s] against alteration of its earlier . . . sentence"].)

While Martinez is entitled to another sentencing hearing where he is present, he is not entitled to have a different judicial officer conduct that hearing. "[T]he statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562; see also *People v. Crew* (1991) 1 Cal.App.4th 1591, 1608, fn. 13 ["whenever a case is remanded for resentencing . . . the courts have routinely declined to require a different judge to conduct resentencing except in extraordinary circumstances"].) "Disqualification may be necessary where the sentence of the original judge indicates an animus inconsistent with judicial objectivity . . . [or where] the judge's failure to follow the sentencing rules suggests a whimsical disregard of the sentencing scheme that is incompatible with a judicious effort to comply with its complex terms." (*Gulbrandsen*, *supra*, 209 Cal.App.3d at p. 1562.) Mere sentencing error does not justify disqualification. (*Ibid*.)

Quite simply, the record before us does not support a finding that the trial judge was or would be biased. (See *People v. Hunter* (1986) 184 Cal.App.3d 1531, 1537 [even where "the trial judge has made it abundantly clear that appellant is going to get the maximum sentence he can impose," and despite paying "little attention to the direction of [the appellate] court on the first remand," the case was remanded to the same trial court for resentencing].) Here, the court explained why the case was remanded and indicated that, in its discretion, it would impose consecutive terms. The court then asked defense counsel if he would like to be heard on the matter, but was ultimately not persuaded by counsel's request to impose concurrent terms. After explaining its basis for imposing a sentence of 125 years to life, the court again asked if there was anything else either side wanted to address. We find that this record would not lead "a reasonable person to believe [the trial court had already] made up [its] mind and would not act fairly on remand." (See *People v. LeBlanc* (2015) 238 Cal.App.4th 1059, 1080.) Therefore, Martinez's request to disqualify the trial judge is denied.

6

## DISPOSITION

The judgment is reversed and remanded for resentencing.  The trial court shall conduct a new sentencing hearing in Martinez's presence.  We express no opinion as to what sentence the court should impose or how it should exercise its discretion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.

HOGUE, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.