Filed 11/17/23  P. v. Carrillo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL CARRILLO,<br><br>    Defendant and Appellant. | G062725<br><br>(Super. Ct. No. FWV18004430)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Shahla S. Sabet, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part, reversed in part, and remanded.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Miguel Carrillo appeals from a judgment sentencing him to prison for committing multiple child sex crimes. He raises two instructional claims and two sentencing claims, but none of them warrant extensive discussion because the instructional claims admittedly run counter to California Supreme Court authority, and the sentencing claims are uncontested by respondent. Therefore, in relatively short order, we will reverse appellant's sentence and remand for resentencing but otherwise affirm the judgment.

FACTS

Angela Doe is appellant's stepdaughter. From the age of eight to fourteen, appellant touched her breasts, buttocks and vagina on multiple occasions. Appellant molested Angela's younger sister Claudia in a similar fashion. And, from time to time, he also he touched and orally copulated the vagina of another young girl, Jane Doe, who was staying at his house.

The jury convicted appellant of subjecting Jane to continuous sexual abuse and committing seven lewd acts against Angela and Claudia. (Pen. Code, §§ 288.5, subd. (a), 288, subd. (a).)[1] In addition, the jury found appellant molested multiple victims for purposes of the One Strike law. (§ 667.61, subds. (b), (e)(4).) The trial court sentenced him to 30 years to life in prison for these crimes.

DISCUSSION

*Instructional Issues*

Pursuant to CALCRIM Nos. 1191A and 1191B, the trial court instructed the jury it could consider evidence of appellant's uncharged and charged sex offenses as proof he had a propensity to commit child sex crimes.[2] Appellant contends these instructions violated his right to due process because they permitted the jury to ignore the

---

[1] Appellant was charged with eight lewd acts in all, but the jury was unable to reach a verdict on one of them, and it was eventually dismissed. All further statutory references are to the Penal Code.

[2] Due to their length, the instructions are set forth in an appendix at the end of this opinion.

2

presumption of innocence and use the preponderance of the evidence standard to infer guilt based upon factual circumstances unrelated to the present charges. However, as appellant admits, the California Supreme Court has rejected these arguments in other cases (*People v. Villatoro* (2012) 54 Cal.4th 1152; *People v. Reliford* (2003) 29 Cal.4th 1007, 1016; *People v. Falsetta* (1999) 21 Cal.4th 903, 917–918), and we are bound by those decisions (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455). We are therefore powerless to disturb the jury's verdict. (*Ibid.*)

*Sentencing Issues*

The trial court sentenced appellant to 15 years to life on count 1 for continuous sexual abuse, and a consecutive term of 15 years to life on count 3 for committing a lewd act on Angela within the meaning of section 288, subdivision (a). The court believed the consecutive term was mandated under section 667.6 because appellant committed sex crimes against multiple victims. However, it is undisputed that section does not apply to the crime of committing a lewd act on a child pursuant to section 288, subdivision (a). (§ 667.6, subd. (e).) Therefore, consecutive sentencing on count 3 was not required, and the matter must be remanded for resentencing so the trial court can decide whether to impose a consecutive or concurrent sentence on that count. (*People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262; *People v. Rojas* (1988) 205 Cal.App.3d 795, 798-800.)

The parties also agree the trial court erred in ordering appellant to undergo HIV testing because it did not find there was probable cause he transferred bodily fluid capable of transmitting that virus to any of his victims. (§ 1202.1, subd. (e)(5)(A).) Therefore, that order must be stricken. On remand, if the prosecution so requests, the trial court shall hold a hearing to determine whether probable cause exists for an HIV testing order. (*People v. Butler* (2003) 31 Cal.4th 1119, 1129.)

## DISPOSITION

Appellant's sentence is reversed, and the matter is remanded for resentencing consistent with the views expressed herein.  In all other respects, the judgment is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


GOODING, J.

APPENDIX

*CALCRIM No. 1191A*

Pursuant to CALRIM No. 1191A, the jury was instructed, "The People presented evidence that the defendant committed the crime of annoying or molesting a child in violation of . . . section 647.6, and lewd and lascivious acts with a child under fourteen years of age, . . . section 288(a) which were not charged in this case. These crimes are defined for you in these instructions.

"You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed these uncharged offenses. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the act is true.

"If the People have not met this burden of proof, you must disregard this evidence entirely.

"If you decide that the defendant committed the uncharged offenses, you may, but you are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit continuous sexual abuse of a child under fourteen years of age as charged in Count 1, and lewd and lascivious act with a child under fourteen years of age as charged in Counts 2 through 9.

"If you conclude that the defendant committed the uncharged offenses, that conclusion is only one factor to consider along with all of the other evidence. It is not sufficient by itself to prove that a defendant is guilty of the offenses charged in Counts 1 through 9. The People must still prove each charge and allegation beyond a reasonable doubt."

5

*CALCRIM No. 1191B*

Per CALRIM No. 1191B, the jury was instructed, "The People presented evidence that the defendant committed the crimes of continual sexual abuse of a child as alleged in Count 1, and lewd and lascivious act upon a child as alleged in Counts 2 through 9.

"If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but you are not required to, conclude that the evidence that the defendant was disposed . . . or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sexual offenses charged in this case.

"If you find the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all of the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People must still prove each charge and allegation beyond a reasonable doubt.

"The People presented evidence that the defendant committed the crime of continuous abuse of a child, violation of . . . section 288.5(a) as alleged in Count 1, and lewd and lascivious act upon a child in violation of . . . section 288(a) as alleged in Counts [2] through 9, as well as other uncharged acts of sexual abuse.

"If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but you are not required to, conclude that the evidence that the defendant was . . . disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other offenses charged in this case.

"If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all of the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People still must prove each charge beyond a reasonable doubt."

6