[No. A091491. First Dist., Div. Five. Aug. 2, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE KENNEDY, Defendant and Appellant.

**COUNSEL**

Meredith J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón and Kelly M. Cross, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEVENS, J.**—Appellant Robert Lee Kennedy was convicted of a misdemeanor violation of Business and Professions Code section 4060 (hereafter section 4060), after he was found in possession of Valium without a prescription. Appellant contends the misdemeanor conviction must be reversed, because possession of Valium without a prescription may not be punished under section 4060. We reject this argument and affirm.

I. FACTS AND PROCEDURAL HISTORY

Given the nature of appellant's claim of error, a detailed recitation of the facts is unnecessary. From an offense report, it appears that appellant was detained by police in a traffic stop on February 27, 2000. He consented to a search which disclosed three tablets of Valium, for which appellant had no prescription.

Appellant was originally charged with a felony violation of Health and Safety Code section 11350, subdivision (a). However, after appellant demurred to the information, the prosecution filed an amended three-count information. The first two counts of the amended information charged

possession of the Valium as a felony violation of Health and Safety Code sections 11350 and 11377. The third count of the amended information charged a misdemeanor violation of section 4060. The People subsequently agreed to dismiss the felony charges, leaving only the misdemeanor charge for violating section 4060.

Appellant waived jury trial on the remaining offense, and submitted the matter to the trial court's consideration based on the police report and a laboratory report. He was found guilty of the misdemeanor violation of section 4060, and was sentenced to probation, with credit for time served.

II. DISCUSSION

Appellant contends he could not be convicted of violating section 4060, because the statute does not make simple possession of Valium a misdemeanor offense. He also construes certain provisions of the California Uniform Controlled Substances Act (Health & Saf. Code, §§ 11375, 11377) to provide that simple possession of Valium is not a crime at all, even under section 4060.

Section 4060 provides in relevant part: "No person shall possess any controlled substance, except that furnished to a person upon the prescription of a physician, . . . This section shall not apply to the possession of any controlled substance by a manufacturer, wholesaler, pharmacy, physician, . . . when in stock in containers correctly labeled with the name and address of the supplier or producer."

The term "controlled substance" is defined, in Business and Professions Code section 4021, by reference to the controlled substances listed in the Health and Safety Code: " 'Controlled substance' means any substance listed in Chapter 2 (commencing with Section 11053) of Division 10 of the Health and Safety Code." These lists classify controlled substances into five categories or schedules (e.g., opiates, stimulants, depressants, narcotics, etc.). (Health & Saf. Code, §§ 11054-11058.) Valium is the brand name for a depressant also called diazepam, which is listed as a schedule IV depressant. (Health & Saf. Code, § 11057, subd. (d)(8).) Therefore, Valium is a controlled substance under section 4060, which forbids the simple possession of Valium without a prescription, except in labeled containers held in stock by a physician, pharmacist, manufacturer, or other authorized party.

Appellant argues that his conviction (1) conflicts with the meaning and purpose of section 4060, and (2) also conflicts with the provisions of the

Health and Safety Code. ■ As the present case raises only pure issues of law, we must exercise de novo review as to these two questions. (*People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1389 [101 Cal.Rptr.2d 618].) ■ We take up each argument in turn.

### A. *Appellant's Conviction Is Consistent with the Plain Meaning of Section 4060.*

Appellant first suggests that section 4060 should somehow be limited only to "the manner in which Pharmacy professionals possess controlled substances for legal sale." Pointing out that he is not himself a pharmacist, appellant relies on language from decisions suggesting that the purpose of former Business and Professions Code section 4230[1] (Stats. 1984, ch. 1635, § 13, pp. 5826-5827, repealed by Stats. 1997, ch. 549, § 109) was to address misconduct by pharmacists. (See *People v. Doss* (1992) 4 Cal.App.4th 1585, 1591 [6 Cal.Rptr.2d 590] (*Doss*) ["The obvious purpose of Business and Professions Code section 4230 [predecessor to section 4060] is to authorize the possession for sale of certain controlled substances by licensed pharmacists, on pharmacy premises, to those holding valid prescriptions. It does not confer blanket immunity on a pharmacist to deal drugs illegally from behind the counter or to possess them with that intent"]; *People v. Barben* (1979) 88 Cal.App.3d 215, 219 [151 Cal.Rptr. 717] (*Barben*) [Division 2 of the Business and Professions Code, entitled "Healing Arts," "is divided into various chapters which individually regulate the licensing and conduct of different health care providers, such as physicians, dentists, nurses, etc. Chapter 9 thereof is devoted to the regulation of the pharmacy profession"].)

Neither of the cases relied on by appellant held that former section 4230 was limited to pharmacists. *Doss, supra,* 4 Cal.4th 1585 only considered the statute's immunity provisions as to "licensed pharmacists," while *Barben, supra,* 88 Cal.App.3d 215 addressed the question of whether former Business and Professions Code section 4050 was unconstitutionally vague. Moreover, we are mindful of somewhat older appellate decisions under former section 4230, which involved the prosecution of persons who were not pharmacists. These cases indicate that former section 4230 was not limited

---

[1] Section 4060 essentially tracks the language of its predecessor, former section 4230, except that the new section added references to physician's assistants and nurse practitioners, who may legitimately possess or prescribe controlled substance for purposes of patient care. Former section 4230 provided, prior to its repeal: "No person shall have in possession any controlled substance, except that furnished to such person upon the prescription of a physician, dentist, podiatrist, or veterinarian. The provisions of this section do not apply to the possession of any controlled substance by a manufacturer or wholesaler or a pharmacy or physician or podiatrist or dentist or veterinarian, when in stock in containers correctly labeled with the name and address of the supplier or producer."

to pharmacists, but instead was applied to all persons, regardless of their profession. (See, e.g., *People v. Fitzwater* (1968) 260 Cal.App.2d 478, 480-481 [67 Cal.Rptr. 190]; see also *People v. Scott* (1964) 224 Cal.App.2d 146, 147-150 [36 Cal.Rptr. 402]; *People v. Cox* (1968) 263 Cal.App.2d 176, 178-179 [69 Cal.Rptr. 410]; *People v. Mason* (1969) 276 Cal.App.2d 386, 387-389 [81 Cal.Rptr. 195].) ▮ Where, as here, ' "a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it.' " (*Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 353 [211 Cal.Rptr. 742, 696 P.2d 134]; *People v. Bouzas* (1991) 53 Cal.3d 467, 475 [279 Cal.Rptr. 847, 807 P.2d 1076]; see also *People v. Kelii* (1999) 21 Cal.4th 452, 457-458 [87 Cal.Rptr.2d 674, 981 P.2d 518].)

▮ More critically, section 4060 prevents any "person," not just any "pharmacist," from possessing Valium without a prescription or other legal mandate. In order to accept appellant's argument, we must conclude that he is not a "person," or that use of the word "person" may only mean "pharmacist" or some other more restricted term. It is also unclear why the Legislature would desire to punish only pharmacists, and not other persons, who improperly possess Valium. Such an absurd interpretation as appellant proposes is unwarranted. (*People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].) ▮ A court must select the construction of statutes that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and must avoid an interpretation leading to such an absurd result. (See *ibid.*)

▮ We also perceive no conflict between appellant's conviction and the meaning and purpose of section 4060, which provides by its plain terms that the unauthorized possession of Valium is a misdemeanor. ▮ The primary duty of a court when interpreting statutes is to give effect to the clear language of the law, in order to achieve the intent of the Legislature, and effectuate the purpose of the law. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].) To determine such intent, courts turn first to the words themselves, giving them their ordinary and generally accepted meaning. (*People v. Craft* (1986) 41 Cal.3d 554, 559-560 [224 Cal.Rptr. 626, 715 P.2d 585] (*Craft*).) ▮ Examination of the clear wording of the statute leaves no ambiguity. Section 4060 provides by its plain language that the unauthorized possession of Valium by any "person" is a misdemeanor, and we have no cause to look beyond that clear expression of legislative intent.

Appellant's argument is also particularly difficult to accept because the applicable definition of "person" as contained in Business and Professions

Code section 4035, is as broad and all-inclusive as it could be: " 'Person' includes firm, association, partnership, corporation, limited liability company, state governmental agency, or political subdivision." The definition of "person" in the statute is clearly not limited to pharmacists, but instead applies to all "persons" such as appellant.

    B. *Appellant's Conviction Under Section 4060 Does Not Conflict with the Provisions of the Health and Safety Code.*

    . Health and Safety Code section 11377 provides in relevant part: "(a) . . . every person who possesses any controlled substance which is (1) classified in Schedule III, IV, or V, and which is not a narcotic drug . . . , unless upon the prescription of a physician . . . shall be punished by imprisonment in a county jail for a period of not more than one year or in the state prison." As we have noted, *ante,* Valium is a schedule IV depressant under Health and Safety Code, section 11057, subdivision (d)(8).

    While it might at first appear from this language that simple possession of Valium would be punishable as a felony or misdemeanor (i.e., a "wobbler") under Health and Safety Code section 11377, appellant contends the more specific provisions of Health and Safety Code section 11375, as enacted in 1984 at the same time Valium was added to schedule IV (Stats. 1984, ch. 1635, § 63, pp. 5859-5860), tend to belie such a conclusion.

    In particular, appellant directs us to the following language of Health and Safety Code section 11375: "(a) As to the substances specified in subdivision (c), *this section, and not Sections 11377,* 11378, 11379, and 11380, shall apply. [¶] (b) Every person who possesses for sale, or who sells, any substance specified in subdivision (c) shall be punished by imprisonment in the county jail for a period of not more than one year or state prison. [¶] (c) This section shall apply to any material, compound, mixture, or preparation containing any of the following substances: [¶] . . . [¶] (4) Diazepam." (Italics added.)

    Because Health and Safety Code section 11375 lists only possession of Valium for sale or its actual sale as a punishable offense, and provides that section 11377 shall not apply, appellant reasons that simple possession of Valium is not punishable at all under the Health and Safety Code. Appellant essentially argues that the relevant language of Health and Safety Code section 11375 demonstrates that the Legislature intended to make only the possession for sale and the sale of Valium punishable as felonies.

    The statute which created the current version of Health and Safety Code section 11375 (Stats. 1984, ch. 1635, § 63, p. 5859) simply clarified and

updated state laws pertaining to controlled substances, by bringing state laws more into line with federal laws. Assembly Bill No. 3876 (1983-1984 Reg. Sess.), which created the current version of Health and Safety Code section 11375, was sponsored by Attorney General Van De Kamp, as well as by Assemblyman William Filante and Senator John Seymour. The legislation was intended to: (1) clarify state laws pertaining to controlled substances by making state laws consistent with federal laws; (2) provide "state penalties that are comparable to the penalties for comparable substances" (Sen. John Seymour, analysis of Assem. Bill No. 3876 (1983-1984 Reg. Sess.), amended Aug. 27, 1984); and (3) "conform federal and state controlled substances" legislation. (Assemblyman William Filante, letter to Governor Deukmejian, Sept. 27, 1984, urging approval of Assem. Bill No. 3876.)

Specifically, Valium was added to the list of controlled substances, but under sections 11375 and 11377 as enacted, simple possession of Valium was not made an offense under the Health and Safety Code, unlike the possession for sale or sale of Valium. Thus, the statutory language tends to support the conclusion that the Legislature did not intend to make simple possession of Valium punishable as a felony under Health and Safety Code section 11375. (See *Craft, supra,* 41 Cal.3d at p. 560 [" '[T]he various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole' "].)[2]

Appellant in his argument takes this analysis one step further, suggesting that the Legislature's intent was not just to reduce simple possession of Valium from a felony under the Health and Safety Code to a misdemeanor under section 4060, but instead that the Legislature actually intended to decriminalize the simple possession of Valium entirely, so as to not make it punishable even under section 4060. Appellant urges in this respect that if there is any ambiguity regarding the meaning of Health and Safety Code section 11375 and section 4060, " ' "[the] defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a

---

[2]A relevant discussion of this question is also contained in 2 Witkin and Epstein, California Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, section 77, page 587, in which the authors state, in the section on "Simple Possession": "Unlawful possession of those controlled substances . . . formerly classified as restricted dangerous drugs, *but not including those drugs specified in Health & Saf[ety Code] 11375* . . . is generally a felony-misdemeanor . . . ." (Italics added.) This statement tends to support the conclusion that, under Health and Safety Code sections 11375 and 11377, simple possession of Valium may not be punishable as a felony. However, this discussion from Witkin does not suggest that simple possession of Valium is not a misdemeanor under section 4060.

statute." ' [Citations.]" (*Craft, supra*, 41 Cal.3d at p. 560; but see also *People v. Gardeley* (1996) 14 Cal.4th 605, 622 [59 Cal.Rptr.2d 356, 927 P.2d 713].)

However, the fact that simple possession of Valium may not be punishable as a felony under the Health and Safety Code does not mean that it may not be punished as a misdemeanor or infraction under section 4060. The Legislature may certainly decide not to punish particular conduct as a felony under the provisions of one statute, while continuing to punish it as a misdemeanor under another statute. In this regard, the words of section 4060 are clear: "No person shall possess any controlled substance, except that furnished to a person upon the prescription of a physician. . . ." ■ Only if the language permits more than one reasonable interpretation does a court look to extrinsic aids, such as the object to be achieved and the evil to be remedied by the statute, the legislative history, public policy, the promotion of justice or favoring of lenity, and the statutory scheme of which the statute is a part. (*People v. Gardeley, supra*, 14 Cal.4th at p. 622; *People v. Woodhead, supra*, 43 Cal.3d at p. 1008; *Morse v. Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46].)

■ We also observe that simple possession of Valium is clearly proscribed by federal statute. (21 U.S.C. § 844(a); 21 C.F.R. § 1308.14(a), (c)(14) (2001).) Under federal law, the offense of simple possession is punishable as a misdemeanor, or as a felony if there were aggravating factors such as prior convictions. (See *U.S. v. Linares* (9th Cir. 1990) 921 F.2d 841, 842-844.) It is hard to imagine that the Legislature's goal could have been the total legalization of simple possession of Valium, because this remained illegal under federal law, and the overall purpose of the Health and Safety Code revision was to harmonize state and federal drug laws. If anything, the 1984 revisions to the Health and Safety Code support a contrary inference: that the Legislature intended to harmonize state laws with federal laws, by providing similar penalties for offenses involving Valium. The result we reach in this case conforms more closely with parallel provisions of federal law, under which simple possession of Valium could likewise be punished as a misdemeanor; and such an interpretation would best harmonize the various pertinent statutes on this subject. (See *People v. Camarillo, supra*, 84 Cal.App.4th at pp. 1391-1394; *Rodeo Sanitary Dist. v. Board of Supervisors* (1999) 71 Cal.App.4th 1443, 1452, 1454 [84 Cal.Rptr.2d 601].)

The Legislature made no effort in 1984 to repeal Business and Professions Code section 4230, which became section 4060, nor did the Legislature limit its scope to controlled substances other than Valium. In fact, in the same 1984 statutory revision by which the Health and Safety Code amendments discussed above were enacted, the Legislature also amended former section

4230, retaining a misdemeanor offense for *any* person to unlawfully possess "*any* controlled substance" such as Valium. (Stats. 1984, ch. 1635, § 13, p. 5826, italics added.) Such a contemporaneous amendment evinces a legislative intent to retain in force the provisions of what is now section 4060 (see *People v. Bouzas, supra,* 53 Cal.3d at p. 475; see also *People v. Kelii, supra,* 21 Cal.4th at pp. 457-458), and supports our ruling that simple possession of any controlled substance, such as Valium, is a misdemeanor under section 4060.

■ It is our duty when interpreting statutes to adopt, if possible, a construction which avoids apparent conflicts between different statutory provisions, even if the provisions appear in different codes, as they do here. (*Building Material & Construction Teamsters' Union v. Farrell* (1986) 41 Cal.3d 651, 665 [224 Cal.Rptr. 688, 715 P.2d 648]; accord, *Kellogg v. Asbestos Corp. Ltd.* (1996) 41 Cal.App.4th 1397, 1404 [49 Cal.Rptr.2d 256].)

■ In harmonizing section 4060 with the provisions of the Health and Safety Code, we perceive no necessary conflict between these statutes. Section 4060 makes simple possession of Valium a misdemeanor, while the Health and Safety Code addresses the more serious offense of sale or possession for sale of Valium. In the course of reforming state laws on this subject, the Legislature chose not to include possession of Valium among the offenses listed in the Health and Safety Code, while retaining section 4060, which made such an offense a misdemeanor (or, in appropriate circumstances, an infraction). Under section 4060, appellant's possession of Valium without a prescription constitutes a misdemeanor violation. We therefore affirm the judgment of conviction.

III. DISPOSITION

The judgment of conviction is affirmed.

Jones, P. J., and Simons, J., concurred.